

**ORDERED in the Southern District of Florida on September 8, 2023.**

_Scott M. Grossman_
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourt.gov

In re:

DIAMANTE ENTERPRISES, LLC,

      Debtor-In-Possession.
_____/

Case No. 23-14383-SMG
Chapter 11

**ORDER GRANTING**
**DEBTOR'S <u>EXPEDITED</u> MOTION FOR ENTRY OF ORDER (A) AUTHORIZING**
**THE PRIVATE SALE OF REAL PROPERTY LOCATED AT 2943 W MASTER ST.,**
**PHILADELPHIA, PA 19121 PURSUANT TO 11 U.S.C. §363, FREE AND CLEAR**
**OF ALL LIENS, CLAIMS, AND ENCUMBRANCES; (B) AUTHORIZING EXECUTION**
**OF ANY AND ALL DOCUMENTS TO EFFECTUATE CLOSING OF THE SALE; AND**
**(C) AUTHORIZING PAYMENT OF ALL EXPENSES, FEES AND COSTS**
**<u>ASSOCIATED WITH THE SALE CONFIRMATION THROUGH CLOSING DATE</u>**

THIS MATTER came before the Court on September 6, 2023 at 2:00pm (the "Sale Hearing") on the *Expedited Motion for Sale of Property (Real Property located at 2943 W Master St, Philadelphia, PA 19121 pursuant to 11 U.S.C. § 363, free and clear of all liens, claims, and encumbrances; (b) authorizing execution of any and all documents to effectuate closing of the*

*sale; and (c) authorizing payment of all expenses, fees and costs associated with the sale confirmation through closing date) pursuant to 11 U.S.C. 363 b* (DE 32) (the "Motion").

Before the Court at the Sale Hearing were Martin Ochs on behalf of the United States Trustee, Julia Anne Osmolia, Esq. on behalf of Debtor, Chad Pugatch on behalf of Gelt Financial LLC, and counsel for U.S. Bank. The Court having reviewed the Motion, having heard the statements of counsel and the evidence introduced in support of the relief requested, and it appearing that sufficient notice of the Motion and the relief requested by this Order have been provided, the Court finds good cause exists to grant the Motion.

**THE COURT FINDS THAT:**

1. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9014.

2. The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this proceeding is a "core proceeding" within the meaning of 28 U.S.C. §157(b).

3. Proper, timely, adequate and sufficient notice of the Sale Motion and the Sale Hearing has been provided to all creditors and parties in interest, including as set forth in the certificate of service filed with the Court at DE 37 and 38. No other or further notice of the Sale Motion, the Sale Hearing, or of the entry of this Order is necessary.

4. A reasonable opportunity to object or be heard regarding the relief requested in the Sale Motion has been afforded to all interested persons and entities, including, without limitation: (i) all entities who claim nay interest in or lien upon **2943 W Master St. Philadelphia, PA 19121 DE 132 (the "Property")**, a legal description is attached hereto as Exhibit A; (ii) all governmental taxing authorities who have, or as a result of the sale of the Property may have, claims, contingent,

or otherwise, against DIAMANTE ENTERPRISES, LLC; (iii) all parties who filed requests for notices under Federal Rule of Bankruptcy Procedure 9010(b) or were entitled to notice under Federal Rule of Bankruptcy Procedure 2002; and (iv) all creditors of DIAMANTE ENTERPRISES, LLC.

5. The price to be paid by the Buyer for the Property under Agreement for the Sale of Commercial Real Estate (the "Sale Agreement") is fair and constitutes reasonably equivalent value for the Property.

6. Notice of the Sale Motion was properly served on all required persons and entities in accordance with Local Rule 9073-1(D) (*See* DE 37).

7. DIAMANTE ENTERPRISES, LLC has demonstrated a sufficient basis to sell the Property under § 363 of the Bankruptcy Code. Such actions are a reasonable exercise of DIAMANTE ENTERPRISES, LLC's business judgment and are in the best interests of DIAMANTE ENTERPRISES, LLC, the estate and creditors.

8. The Purchase Price as submitted by the Buyer to acquire the Property is the highest and best offer received by DIAMANTE ENTERPRISES, LLC. The Purchase Price is fair, is in the best interest of DIAMANTE ENTERPRISES, LLC's estate, and constitutes full and adequate consideration for the Property.

9. The terms of the Contract executed by the Buyer, as attached to the Sale Motion as Exhibit B are fair and reasonable.

10. This is an arm's length transaction to a disinterested third party. The Buyer is not an insider, as defined in § 101(31) of the Bankruptcy Code.

11. The Buyer will be acting in good faith pursuant to § 363(m) of the Bankruptcy Code in closing on the sale of the Property immediately upon the entry of this Order on the Court's docket.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

12. The Motion (DE 32) is **GRANTED**.

13. The Sale Agreement, as amended by the Addendum, and the transaction contemplated therein, is approved and DIAMANTE ENTERPRISES, LLC has full corporate power and authority to execute the Sale Agreement and all other documents contemplated thereby. No consents or approvals, other than as expressly provided for in the Contract, are required for DIAMANTE ENTERPRISES, LLC to consummate such transaction.

14. DIAMANTE ENTERPRISES, LLC is authorized to sell the Property to Buyer upon delivery of the consideration as provided in the Sale Agreement and completing all other deliveries required under the Sale Agreement and this Order.

15. The Buyer constitutes a bona fide good faith purchaser for value and is entitled to the protection of § 363(m) of the Bankruptcy Code. with respect to the Property. The Buyer will not be subject to any liabilities of DIAMANTE ENTERPRISES, LLC.

16. Upon the closing (as defined in the Sale Agreement), the Buyer shall acquire title to the Property, free and clear of all liens, claims, encumbrances against the Debtor or the Property. Any liens, claims, or encumbrances against the Property shall attach to the proceeds of sale with the same propriety as with respect to the Property.

17. DIAMANTE ENTERPRISES, LLC and/or the closing agent is authorized and directed to pay, at closing, all brokerage commissions and any other ordinary closing costs from the sale proceeds.

18. DIAMANTE ENTERPRISES, LLC and/or the closing agent is authorized and directed to pay, at closing, the secured claim of GELT FINANCIAL LLC (Proof of Claim 12-1) in the amount of $142,337.43 (plus any per diem interest[1] accruing after September 8, 2023).

---

[1] Per diem interest is $98.75 per day.

GELT FINANCIAL, LLC shall also be entitled to any attorney's fees, costs, and/or interest that may accrue if the closing is delayed beyond September 8, 2023. This portion of its claim, if applicable, shall be paid from the remaining sale proceeds and disbursed to GELT FINANCIAL, LLC upon sufficient evidence being provided.

19. DIAMANTE ENTERPRISES, LLC and/or the closing agent is further authorized and directed to pay the escrow account of the closing agent, the remaining proceeds from sale after GELT FINANCIAL, LLC'S secured claim has been paid in full. These remaining funds shall be held in escrow by the closing agent and shall be used to pay the remaining claims that have attached to the proceeds from sale, if any.

20. The fourteen (14) day stay after entry of the order under Rule 6004(h) is **WAIVED** by the Court. The parties are authorized to close immediately after entry of this Order by the Court.

21. This Court retains jurisdiction to interpret, implement, and enforce the terms of this Order and the Sale Agreement and to resolve any disputes or controversies arising in, under, or related to the Sale Agreement.

# # #

Submitted by:
Chad Van Horn, Esq.
Fla. Bar No. 64500
**VAN HORN LAW GROUP, P.A.**
500 N.E. 4th Street, Suite 200
Fort Lauderdale, FL 33301
Telephone: (954) 765-3166
Facsimile: (954) 756-7103
Email: Chad@cvhlawgroup.com

*(Chad Van Horn, Esq. is directed to provide a copy of this signed Order to all parties of record and to file a Certificate of Service conforming with Local Rule 2002-1(F).)*