

**ORDERED in the Southern District of Florida on April 2, 2024.**

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

DIAMANTE ENTERPRISES LLC                     Case No. 23-14383-SMG

    Debtor.                                  Chapter 11

_____/

### ORDER TO SHOW CAUSE WHY SMALL BUSINESS CASE
### SHOULD NOT BE CONVERTED TO CHAPTER 7 OR DISMISSED

On June 5, 2023, Debtor Diamante Enterprises LLC filed a voluntary petition under chapter 11 of the Bankruptcy Code. It designated itself as a "small business debtor," as defined in 11 U.S.C. § 101(51D), on its petition. Bankruptcy Code section 101(51C) defines a "small business case" as a case filed under chapter 11 in which the debtor is a small business debtor that has not elected to have subchapter V of chapter 11 apply to its case. The Debtor here did not elect to have subchapter V of chapter 11 apply to its case, so this case is a "small business case."

Bankruptcy Code section 1121(e) requires the debtor in a small business case to file a plan and disclosure statement (if any) not later than 300 days after the date of the order for relief.[1] This case has now been pending for more than 300 days, and

---

[1] In a voluntary case, the petition constitutes the order for relief. 11 U.S.C. § 301(b).

the Debtor has not filed a plan.[2] Under Bankruptcy Code section 1112(b)(4)(J), failure to file a plan within the time fixed by the Bankruptcy Code constitutes cause for dismissal or conversion of a case. Accordingly, it is

**ORDERED** that:

1.      The Court will consider dismissal or conversion of this case to a case under chapter 7 at a hearing on **April 24, 2024, at 1:30 p.m.** at the **United States Courthouse, 299 E. Broward Blvd., Room 308, Fort Lauderdale, Florida 33301**.

2.      The Debtor, or any other party opposing dismissal or conversion, must file a written response to this Order by no later than **4:00 p.m. on April 17, 2022**.

3.       Any party supporting dismissal or conversion may file a reply by no later than **4:00 p.m. on April 22, 2022**.

4.      Information on requirements and procedures for remote attendance at the hearing may be found on the presiding judge's webpage on the Court's website: www.flsb.uscourts.gov. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

5.      PLEASE NOTE: Photo identification is required to gain entrance to all federal courthouse facilities. Electronic devices, including but not limited to cameras, cellular phones (including those with cameras), iPads, tablets, pagers, personal data assistants (PDA), laptop computers, radios, tape−recorders, etc., are not permitted in the courtroom, chambers, or other environs of this Court. These restrictions (except for cameras not integrated into a cell phone device) do not apply to attorneys with a valid Florida Bar identification card, attorneys who have been authorized to appear by pro hac vice order and witnesses subpoenaed to appear in a specific case. No one is permitted to bring a camera or other prohibited electronic device into a federal courthouse facility except with a written order signed by a judge and verified by the United States Marshals Service. See Local Rule 5072−2.

# # #

*Copy furnished to Chad Van Horn, Esq., who must timely serve this Order on all creditors and other parties in interest and file a certificate of service in accordance with Local Rule 2002-1(F).*

---

[2] While Bankruptcy Code section 1121(e)(3) permits an extension of this deadline under certain circumstances, any order granting an extension must be signed *before* the existing deadline has expired. Because this deadline has expired, the Court can no longer extend it. 11 U.S.C. § 1121(e)(3)(C).